IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BANK OF THE WEST,

    Plaintiff,

vs.

                                                             No. 17-cv-01154 WJ/JHR

MAYAN CONSTRUCTION, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR DEFAULT JUDGMENT
## and
## ORDER FOR SUPPLEMENTAL INFORMATION
## TO DETERMINE IF AWARD OF SUM CERTAIN IS APPROPRIATE

THIS MATTER comes before the Court upon Plaintiff's Renewed Motion for Default Judgment, filed July 16, 2018 **(Doc. 14)**.[1] Having reviewed the parties' briefs and applicable law, the Court grants Defendant's motion with regard to liability, but the motion is denied at this time as to damages, subject to Plaintiff's providing supplemental information to the Court in a manner that allows the Court to determine damages.

### BACKGROUND

This case began as an effort by Plaintiff (or the "Bank") to collect a debt owed on a commercial credit card extended by the Bank to Defendant Mayan Construction, Inc. ("Debtor"). Plaintiff filed a Complaint for Judgment on Commercial Credit Agreement ("Agreement") on November 21, 2017 under this Court's diversity jurisdiction, alleging that it had extended to Defendant ("Debtor" in the complaint) a commercial credit card with a maximum credit limit of

---

[1] The Court denied Plaintiff's previous motion without prejudice because of deficiencies in the motion. *See* Doc. 13.

$100,000. The Agreement between the parties required regular monthly payments to the Bank for all charges made on that card; however, the Bank did not receive a payment under the Agreement for payment due on July 20, 2017 or thereafter. At that time, the Bank gave notice to Defendant for all outstanding balances under the Agreement to be paid in full by September 20, 2017. Ex. 2 to Compl. As of January 31, 2018, the balance of the Agreement was $104,354.88, including accrued interest through January 31, 2018, plus interest thereafter at the rate of 18% per annum, plus late fees, attorney fees, taxes, and expenses.

Defendant Mayan Construction, Inc. was served on December 26, 2017, according to the summons that was returned as executed. A summons was issued on Mayan Construction and returned as Executed on December 26, 2017, and the proof of service indicates that service was accepted by Defendant's designated agent and owner. *See* Doc. 4 at 2 (summons served and accepted by "Carlos Chavez, Registered Agent"). However, after Defendant was served, there was no activity in this case for almost four months served because of Mr. Chavez' passing in early 2018. *See* Doc. 6. In response to the Court's Order to Show Cause regarding this inactivity, the Bank explained that it had entered an appearance in the state court probate case for Mr. Chavez' estate, and was now prepared to move ahead with its request for default judgment. *Id.* at 2.

**I.     Liability**

Plaintiff now seeks a default judgment from Defendant on a Complaint for Judgment on Commercial Credit Agreement for the amount of $104,354.88, including accrued interest and late fees. Fed.R.Civ.P. 55 sets out a two-step process for a party seeking a default judgment. First, a party must obtain the clerk's entry of default against the opposing party. Second, the party must move the Court to enter a default judgment. Fed.R.Civ.P. 55(a). The trial court is

given broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

A Clerk's Entry of Default was entered on June 5, 2018 (Doc. 11). Service on Defendant has also been effected, as required under Rule 55. *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

There has been no entry of appearance on behalf of Defendant, or any other activity which could constitute a response to the Complaint. Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). Plaintiff offers the following documented information:

1. The Commercial Card Agreement, Ex. B, describing the parties' Agreement consistent with the allegations in the complaint;

2. An Affidavit of Sum Certain by Joel Spencer, Vice President of the Bank. Ex. A, stating:

   a. Defendant is a corporation organized and operated under the laws of the State of New Mexico with its principal place of business in New Mexico;

   b. For consideration received, the Bank and Defendant executed a Commercial Card Agreement (see #1);

   c. In the Agreement, the Bank agreed to extend a commercial credit card, or cards, to the Defendant for use in its business in exchange for the Defendant's Agreement to abide by all terms in the Agreement, including timely repayment;

   d. The Bank agreed to a maximum credit limit of $100,000 for the Defendant's commercial credit card use under the Agreement;

e. The Agreement requires regular monthly payments to the Bank for all Purchases, Cash Advances, and all other fees and other charges made or incurred by the Defendant during the previous billing period for which payment has not been received by the Bank;

f. The Bank did not receive a payment under the Agreement for the payment due on July 20, 2017 or thereafter;

g. On July 20, 2017, the Bank gave notice to the Defendant stating that the Bank exercised its rights under the Agreement to reduce the Defendant's credit limit (including the credit limits offered to any employees of the Defendant pursuant to the Agreement) to zero dollars ($0). The Bank further stated that Bank had terminated the use of any credit card services contemplated by the Agreement. The Bank further made demand that all outstanding balances under the Agreement must be paid in full by September 20, 2017. *See* Compl., Ex. 2 and Ex. C to motion.

h. Defendant has failed to pay all outstanding balances in full and the Agreement is in default due to this failure:

The Bank seeks to exercise its right and option to declare immediately due the entire principal balance of the Agreement. It claims it is entitled to:

> The sum of $104,354.88, including accrued interest and late fees through January 31, 2018, plus interest thereafter at the rate of 18% per annum until the date of entry of judgment, plus attorney fees, tax, costs and expenses incurred herein, plus interest on the judgment at the rate of 18% per annum, until paid in full.

Ex. A, ¶¶16-17. In addition, Plaintiff also seeks incurred attorney's fees, tax, costs and expenses in the amount of $3,610.95.

Based on this documentation, the Court finds that Plaintiff has stated adequate grounds for entry of default judgment *on liability* under Rule 55, and hereby declares that Defendant Mayan Construction, Inc. is in default by virtue of its failure to answer the Complaint for Judgment on Credit Card Agreement which was filed in federal court on November 21, 2017 (the "Complaint") or otherwise plead as required by the Federal Rules of Civil Procedure. However, the Court finds that Plaintiff has not adequately pled a "sum certain" under Rule 55(b).

**II.    Damages**

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc*., 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. The Bank seeks a sum certain in the following two categories:

> (1) The sum of $104,354.88, including accrued interest and late fees through January 31, 2018, plus interest thereafter at the rate of 18% per annum until the date of entry of judgment, plus attorney fees, tax, costs and expenses incurred herein, plus interest on the judgment at the rate of 18% per annum, until paid in full.
>
> and
>
> (2) . . . attorney's fees, tax, costs and expenses herein in the amount of $3,610.95, including the attorney's fees, taxes, costs and expenses estimated to complete this action.

Doc. 14, Ex. A, ¶¶16-17.

Under Rule 55, to be a "sum certain," there must be no doubt as to the amount that must be awarded. *See KPS & Assocs., Inc. v. Designs By FMC, Inc*., 318 F.3d 1, 20 (1st Cir. 2003). Here, Plaintiff relies solely on the affidavit of Mr. Spencer, the Bank's Vice President, to convince the Court it seeks a "sum certain," but on what does Mr. Spencer base *his* knowledge? Simply because a plaintiff is certain of the sum does not make its damage claim a "sum certain" within the meaning of Rule 55(b)(1). *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. 2010). Mr. Spencer's statements regarding the amounts owed are not subject to mathematical calculation, nor does he point to a provision in the Agreement for liquidated damages. *See World All. Consulting, Inc. v. DocPlanet.com, Inc.*, 57 F. App'x 390, 392 (10th Cir. 2003) (where plaintiff's request in complaint for a $1,000,000 penalty upon defendant's default did not modify the parties' original agreement to include a liquidated damages

5

provision, plaintiff's lawsuit was not for a sum certain under Rule 55(b)). The amount owed by Defendant in this case does not flow directly from Mr. Spencer's statements about what is owed, but rather from the credit card purchases and bills that resulted from those purchases. According to Plaintiff, Defendant has missed many months of bill payments—but the actual documentation from which a calculation may be made (or even reasonably inferred)—is lacking. This information is not part of the Agreement that is presented as an exhibit, nor is it part of any attachments to Mr. Spencer's affidavit. *See World All. Consulting, Inc. v. DocPlanet.com, Inc.*, 57 F. App'x 390, 392 (10th Cir. 2003) (citing *KPS & Assoc., Inc.* 318 F.3d 1) (holding the fact that complaint and accompanying affidavit identified a particular amount of damages did not transform the suit into one for a "sum certain" under Rule 55(b)(1)).

    A.    <u>Requested Amount Regarding Debt</u>

In the first amount requested for the debt ($104,354.88), the Court has these questions:

1. Does the amount of $104,354.88 refer solely to the debt owed by Defendant, exclusive of interest and late fees?

2. With regard to Plaintiff's request in ¶16 of the Affidavit for accrued interest, post-judgment interest at 18% and late fees, what is the amount being requested at least for the categories of accrued interest and late fees?

3. Because this is a diversity case, state law applies as to prejudgment interest, which is being sought by Plaintiff. *See Strickland Tower Maintenance, Inc. v. AT&T Communication, Inc.,* 128 F.3d 1422, 1429 (10th Cir. 1997). Plaintiff has presented no basis for the Court to consider whether an award of prejudgment interest is appropriate here. The Bank does not state whether prejudgment interest was envisioned in the agreement or whether a state statute is relevant on this issue. The Court will not do counsel's work for him or her, and expects counsel to provide a discussion as to why the Bank is entitled to such interest. *See Perry v. Woodward,* 199 F.3d 1126, 1141, n.13 (10th Cir. 1999) (Court "will not craft a party's arguments for him").

    B.    <u>Attorney Fee Request</u>

Plaintiff's motion is even more nebulous in the amounts sought for attorney's fees, tax, costs and expenses (¶17 of the Affidavit). These questions remain:

1. In ¶17, Mr. Spencer refers to "incurred attorney's fees, tax, costs and expenses" in the amount of $3,610.95. He thus mentions "tax, costs and expenses" in the Bank's requests for amounts due under *both* the Agreement *and also* under attorney's fees (that is, in ¶¶16 as well as ¶17). Is the Bank asking for amounts in these categories twice, as part of the Debt owed as well as part of attorney's fees?

2. Mr. Spence states that the Bank has incurred "attorney's fees, tax, costs and expenses . . . in the amount of $3,610.95 . . . ." Does that amount include the fees, tax, costs and expenses, or is the $3,610.95 for attorney's fees alone?

3. There is no documentation at all to support the Bank's request for attorney's fees.

The Court's discussion here should make it abundantly clear that the amount sought by the Bank is far from a "sum certain" for purposes of Rule 55. Plaintiff should have found it a relatively simple matter to provide the Court with sufficient detail to make its case for the amount of money it requests here; banks are generally no strangers to drafting comprehensive negotiable instruments that envision every possible contingency that can arise. Plaintiff will be afforded yet another opportunity to present the documentation necessary to support its request for damages. Rule 55 does not require the Court to hold a hearing on such issues, and the Court finds that a hearing really should not be necessary to get this information before the undersigned so that a determination on damages can be made. *See* Rule 55(b)(2)(B). However, a hearing will be set in the event counsel's supplementation is deficient.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Renewed Motion for Default Judgment **(Doc. 14)** is hereby GRANTED IN PART as to liability, but DENIED with regard to damages, and the Court finds that Plaintiff has stated adequate grounds for entry of default judgment on liability under Rule 55, and **hereby declares that Defendant Mayan Construction, Inc. is in default by virtue of its failure to answer the Complaint for Judgment on Credit Card Agreement which was filed in federal court on November 21, 2017;**

**IT IS FURTHER ORDERED** that Plaintiff shall rectify the deficiencies set out above in a manner that is organized, clear and complete, to support its claim for damages, **within three (3) weeks from the entry of this Order**. Failure to do so may result in the Court's denial of Plaintiff's request for damages.

_____
CHIEF UNITED STATES DISTRICT JUDGE