**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

BANK OF THE WEST,

Plaintiff,

vs.

No. 17-cv-01154 WJ/JHR

MAYAN CONSTRUCTION, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR DEFAULT JUDGMENT**
**ON DAMAGES FOR SUM CERTAIN**
**AND FOR ATTORNEY FEES AND COSTS**

THIS MATTER comes before the Court upon Plaintiff's Renewed Motion for Default Judgment, filed July 16, 2018 **(Doc. 14).** Having reviewed Plaintiff's submissions, the Court finds that Plaintiff is entitled to the relief requested in its Renewed Motion for Default Judgment. Accordingly, Plaintiff's motion is hereby GRANTED.

**BACKGROUND**

This case began as an effort by Plaintiff (or the "Bank") to collect a debt owed on a commercial credit card extended by the Bank to Defendant Mayan Construction, Inc. ("Debtor"). Plaintiff filed a Complaint for Judgment on Commercial Credit Agreement ("Agreement") on November 21, 2017 under this Court's diversity jurisdiction, alleging that it had extended to Defendant ("Debtor" in the complaint) a commercial credit card with a maximum credit limit of $100,000. The Agreement between the parties required regular monthly payments to the Bank for all charges made on that card; however, the Bank did not receive a payment under the Agreement for payment due on July 20, 2017 or thereafter. At that time, the Bank gave notice to Defendant

for all outstanding balances under the Agreement to be paid in full by September 20, 2017. Ex. 2 to Compl. As of January 31, 2018, the balance of the Agreement was $104,354.88, including accrued interest through January 31, 2018, plus interest thereafter at the rate of 18% per annum, plus late fees, attorney fees, taxes, and expenses.

The Court granted Plaintiff's motion for default judgment on liability, but deferred ruling on the damages issue, finding that Plaintiff had not adequately pled a "sum certain" under Rule 55(b) but allowing Plaintiff to supplement the record. This Plaintiff has now done by filing two "supplemental" pleadings: the first, to respond by the Court's deadline to receive supplemental information on damages and the second to include updated information that was not available by that deadline. *See* Docs. 16, 19. Plaintiff has also filed several affidavits supporting the supplemental pleadings and which provide sufficient information for the Court to conclude that Plaintiff is entitled to the sum certain requested as represented in the following categories:

Total Amount of Debt: $104,354.88

Attorney fees, taxes and expenses: $3,936.35

Interest: 18% per annum date until date of entry of judgment (prejudgment interest); and

18% per annum from date of judgment until paid in full (post judgment interest).

*See* Docs. 17 and 20 (supporting the supplemental pleadings Docs. 16 and 19); Doc. 18 (fees).

**I. Unpaid Debt**

The total amount due for unpaid credit card charges and finance charges: $104.354.88. Doc. 20, ¶¶19-20 and Doc. 20-1 (Statements of Cardholder Activity). The Court finds that the documentation provided by Plaintiff supports a finding that $104,354.88 represents a sum certain

for the unpaid debt based on the cardholder agreement because the terms of the Agreement and the voluminous statements of cardholder activity leaves no dispute as to the amount due.

## II. Interest

Because this is a diversity case, state law applies as to prejudgment interest, which is being sought by Plaintiff. *See Strickland Tower Maintenance, Inc. v. AT&T Communication, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997). The interest requested by Plaintiff—both prejudgment and post judgment—is envisioned in the Agreement.

Plaintiff seeks prejudgment interest at a rate of 18% per annum until judgment is entered. The Agreement "authorizes the Bank to impose Finance Charges, or prejudgment interest, for the use of credit under the Agreement." *See* Doc. 16 at 2, ¶3; *see also* Doc. 1-1 at 15, ¶8(b) (allowing Bank to impose Finance Charge of 18%). The Agreement also allows the Bank to collect 18% of post-judgment interest per annum until the debt is paid in full. Doc. 17, ¶20; Doc. 20, ¶20. (20); Doc. 1-1 at 15, ¶8; Doc. 1-1 at 18, ¶17 (allowing Bank to increase rate of interest to a fixed rate of 18% per annum in case of default).

Therefore, Plaintiff is entitled to prejudgment and post judgment interest at a rate of 18% per annum according to provisions in the Agreement allowing for collection of these amounts.

## III. Attorney Fees, Taxes and Expenses

Plaintiff seeks a total of $3,936.35 for attorney fees, taxes and expenses, consisting of $3,200.00 in fees; $487.54 in expenses and costs and $238.81 in gross receipts tax for fees and expenses. Since the Court has diversity jurisdiction over this case, the substantive law of New Mexico applies. *Armijo v. Ex Cam, Inc.*, 843 F.2d 406 (10th Cir. 1988) (federal courts are required to apply law of forum state). Under the Agreement, the cardholder (Defendant) agrees to pay "all

collection costs, including reasonable attorneys' fees and court costs permitted by law." Doc. 1-1 at 18, ¶18; *see also* NMSA 1978 §39-2-2.1 (collection of open accounts; attorney fees). Attorney's fees cannot be determined as a "sum certain" under Rule 55 because it is not a "liquidated sum or one capable of mathematical calculation." *See Venable v. Haislip,* 721 F.2d 297, 300 (10th Cir.1983) (defining "sum certain"); *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19–20 (1st Cir. 2003) ("term 'sum certain' contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments."). Thus, the fee amount must be determined by the court and findings must be made as to reasonableness of the request. Tenth Circuit precedent favors an evidentiary hearing to be held in order to determine attorney's fees. *See Held v. Shelter Sys. Grp. Corp.*, 16 F.3d 416 (10th Cir. 1994) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (court should determine the attorney's fees and recoverable expenses, other than court costs, only after a Rule 55(b) hearing). However, Rule 55 generally does not require a court to hold a hearing to determine the amount of damages. *See* Rule 55(b)(2)(B) ("The court *may* conduct hearings . . . when . . . it needs to . . . determine the amount of damages) (emphasis added).

The Court finds that a hearing is unnecessary because Plaintiff has provided what is clearly sufficient documentation to aid the Court in determining whether the fee request is reasonable. This documentation would no doubt be identical to the material on which the Court would base its findings if the Court were to hold a hearing on the issue. *Cmp. Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008) (remanding case for district court to make findings regarding the evidentiary support for its damages determination). Plaintiff submitted a supporting affidavit for the fees and costs and relevant time records, seeking reimbursement for legal work at an hourly rate of $250.00. Doc. 18 (affidavit) and 18-1 (time records). The requested reimbursement for fees

spans the time period from October 4, 2017 to August 8, 2018 for legal work starting with discussions with the Bank (the client) to develop an action plan, up to and including work done on drafting the pleadings to support the request for fees. *Id.*

Based on this evidence, the Court finds that Plaintiff has provided sufficient evidence from which the Court may find that the hourly rate is reasonable as the prevailing market rate in the community and that the hours expended on representation is reasonable as well. *See Blum v. Stenson*, 465 U.S. 886, 895 (1985) (appropriate hourly rates for counsel are calculated according to the prevailing market rates in the relevant community); *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) (court determines the reasonable hourly rate based on the lawyer's skills and experience in civil litigation or analogous litigation). Plaintiff's request for the amount of $3,936.35 for attorney fees, taxes and expenses is therefore reasonable and will be granted.

The Court notes that Defendant has not made any efforts to defend against this case even though it appears to have been served. *See* Doc. 15 at 2. There has not been any indication of objection or challenge by Defendant to the default judgment granted by the Court, and the Court finds that Plaintiff's request for damages is supported by the documentation provided.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Renewed Motion for Default Judgment **(Doc. 14)** is hereby GRANTED in that the following damages are proved by Plaintiff and granted:

(1) $104,354.88, representing the total amount of debt;

(2) $3,936.35 for attorney fees, taxes and expenses;

(3) Prejudgment Interest at the rate of 18% per annum until the date judgment is entered; and

(4) Post judgment Interest: 18% per annum from date of entry of judgment until debt is paid in full.

A separate Rule 58 Judgment shall be entered.

CHIEF UNITED STATES DISTRICT JUDGE